[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 5, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14954
Non-Argument Calendar
_____

BIA Nos. A95-226-084 & A95-226-085


CARLOS ARIEL HERNANDEZ SIERRA,
ANDREA LILIANA ZAMBRANO QUINTERO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

(July 5, 2005)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Carlos Ariel Hernandez-Sierra and Andrea Liliana Zambrano Quintero, Colombian nationals, petition for review from a final order of removal. The Petitioners, who are husband and wife, contend that the Immigration Judge (IJ) erred in denying their asylum applications as untimely. The Petitioners assert that their failure to file timely for asylum is excusable, because they were defrauded by a non-lawyer who promised but failed to assist them in applying for asylum. The Petitioners also contend that 8 U.S.C. section 1158(a)(2)(B), which establishes a one-year deadline to file an asylum application, violates the Supremacy Clause, because it allegedly conflicts with the United Nations Convention on the Status of Refugees. The Petitioners finally contend that the IJ erred in denying them asylum and withholding of removal under the Immigration and Naturalization Act, because they allegedly established a well-founded fear of persecution from the ELN and the FARC, two Colombian paramilitary groups. We deny the petition.

We lack jurisdiction to consider the Petitioners' argument regarding the denial of their asylum claims as untimely. Under section 1158(a)(2)(B), an alien may not apply for asylum unless the alien can prove that the application for asylum was filed within one year of the alien's arrival in the United States. Although a late application for asylum can be considered if changed or extraordinary circumstances exist, the evaluation of those circumstances is committed to the sole discretion of the Attorney General. See 8 U.S.C. § 1158(a)(3). The decision of the

2

Attorney General "is not reviewable by any court." Fahim v. U.S. Att'y Gen., 278 F.3d 1216, 1217 (11th Cir. 2002) (per curiam). We dismiss the petition with regard to this issue.

We reject the Petitioners' Supremacy Clause challenge to section 1158(a)(2)(B). Article 33 of the Refugee Convention, which forbids the expulsion or return of refugees under certain circumstances, is not self-executing, and it was not implemented by Congress. Haitian Refugee Ctr. v. Baker, 949 F.2d 1109, 1110 (11th Cir. 1991); see also INS v. Stevic, 467 U.S. 407, 428 n.22, 104 S. Ct. 2489, 2500 n.22 (1984). Because the Refugee Convention "provides no enforceable rights to [aliens]," Haitian Refugee Ctr., 949 F.2d at 1110, section 1158(a)(3) does not violate the Supremacy Clause.

Finally, the Petitioners cannot establish that the IJ erred by denying the Petitioners' request for withholding of removal. To qualify for withholding of removal based on political persecution, an alien must establish that it is more likely than not he will be persecuted upon return to his country. Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1232 (11th Cir. 2005) (per curiam). This standard is "more stringent" than for asylum. Id. An alien can prove eligibility for withholding of removal by demonstrating either past persecution or a likelihood of future persecution on account of the alien's political opinion. Antipova v. United States Att'y Gen., 392 F.3d 1259, 1264 (11th Cir. 2004). Persecution on the basis

3

of mere refusal to cooperate with a guerilla group fails to demonstrate eligibility for withholding of removal. Sanchez v. United States Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004) (per curiam).

The Petitioners contend they established a well-founded fear of persecution on account of their political opinion, but we cannot reverse the factual findings of the IJ unless the record compels it. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). The record in this case does not compel a contrary result. Substantial evidence supports the findings of the IJ. See id.

The evidence presented at the asylum hearing showed that the guerillas harassed relatives of the Petitioners because they refused to cooperate with the guerillas, not because of their political opinion. Hernandez-Sierra testified that the ELN murdered his father and his uncle for refusing to cooperate, and that another uncle was murdered for refusing to provide the ELN with land and cattle. What is lacking is any evidence that those family members were persecuted on account of Hernandez-Sierra's political activities.

The evidence of persecution of the Petitioners is scant. Hernandez-Sierra stated that when he was approached by the ELN and asked to pass out brochures, he was told that "the same thing would happen to him that happened to other members of his family" if he did not cooperate, and when Hernandez-Sierra later refused to hand out brochures, he allegedly received several threatening phone

4

calls stating that he would be killed if he did not cooperate. We have explained before that "menacing telephone calls and threats . . . do not rise to the level of past persecution." Sepulveda, 401 F.3d at 1231.

Even the evidence of genuine persecution of a relative of the Petitioners is equivocal. Although Hernandez-Sierra's uncle was allegedly murdered by the FARC after the uncle was elected mayor, Hernandez-Sierra's cousin replaced the uncle as mayor and was not harassed by either the FARC or the ELN. That evidence supports the finding of the IJ that the Petitioners failed to establish past persecution or a well-founded fear of future persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 482-83, 112 S. Ct. 812, 815-16 (1992); see also Sanchez, 392 F.3d at 438. The IJ, therefore, did not err in denying withholding of removal.

**PETITION DISMISSED IN PART AND DENIED IN PART.**